IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

SOMBOUN SITHY,

                        Plaintiff,

v.                                                                     OPINION and ORDER

ANDREW M. SAUL,                                           20-cv-735-jdp
  Commissioner of the Social Security Administration,

                        Defendant.

---

      Plaintiff Somboun Sithy seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration. The administrative law judge (ALJ), Kathleen Kadlecm found that Sithy was disabled, but only as of March 8, 2019, about two years later than Sithy had alleged. Sithy contends that the ALJ erred in assessing the opinion of Sithy's treating physician and in determining the disability onset date. The court concludes that the ALJ's assessment of the treating physician was adequately explained, but the onset date was not. The court will remand the case for reconsideration of that issue. The hearing scheduled for June 1, 2021, is canceled.

ANALYSIS

      Sithy sought benefits based on physical impairments, alleging disability beginning in April 2017, when he was 40 years old. R. 16, 103.[1] In a January 2020 decision, the ALJ found that Sithy suffered from two severe impairments: (1) degenerative disc disease of the lumbar and cervical spine; and (2) osteoarthritis of the right elbow. R. 16. The ALJ ascribed to Sithy

---

[1] Record cites are to the administrative transcript located at Dkt. 12.

the residual functional capacity to perform sedentary work with additional physical restrictions. Based on the testimony of the vocational expert, the ALJ found that Sithy could perform at least two available jobs. But the ALJ found that Sithy's right elbow was further impaired as of March 8, 2019, and with additional work restrictions related to his right arm, he was disabled after that. R. 26–27. The Appeals Council declined review. R. 1–3. Sithy now appeals to this court.

On appeal, the court's role is to determine whether the ALJ's decision is supported by substantial evidence, meaning that the court looks to the administrative record and asks "whether it contains sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The standard is not high and requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* But the ALJ's decision must identify the relevant evidence and build a "logical bridge" between that evidence and the final determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

A.  **Treating physician**

David Lange was Sithy's treating physician, beginning in 2017. In May 2018, he prepared a report in which he found, among other things, that: (1) Sithy met the requirements for Listing 1.04 (disorders of the spine) as of January 2017 because an MRI and EMG showed "impingement of lumbar nerves"; (2) Sithy didn't have significant limitations with reaching, handling, or fingering; (3) Sithy would need to take two, unscheduled, ten-minute breaks during the work day; and (4) Sithy would need to be absent three days a month. R. 482–89. Lange didn't explain why Sithy would need breaks or would be absent from work, but presumably it would be for back pain, which was the only medical issue noted in the report.

2

The parties agree that Sithy would qualify as disabled as of his alleged onset date in April 2017 if he needed to take unscheduled breaks and would be absent from work three days a month.

The ALJ found Lange's opinion to be unpersuasive for the following reasons: (1) Lange found that Sithy met the requirements for Listing 1.04 six months before Lange first examined him; (2) Lange's opinion that Sithy didn't have handling, reaching, or fingering restrictions was inconsistent with Lange's treatment records showing that Sithy had difficulty with both his left and right arms. R. 22; and (3) in September 2019, Lange observed that Sithy's back pain had improved.

The ALJ's first reason isn't sound, because Lange had and cited medical evidence from Sithy's history from before Lange's first examination. But the point is a minor one because Sithy doesn't contend that he meets the requirements for Listing 1.04, and he doesn't defend that aspect of Lange's opinion. And the commissioner doesn't contend that any flaw in Lange's opinion related to Listing 1.04 provides a ground for discounting other aspects of the opinion.

The ALJ's second reason starts from a fair point: Lange had seen evidence of Sithy's troubles with his arms and hands, but didn't note it in his opinion. But it's hard to see how this oversight justifies the ALJ's decision to reject Lange's opinions that Sithy's back and neck pain would require unscheduled breaks and excessive absences.

The ALJ's third reason—that Sithy's back pain had improved—is stronger. It is based on the following statement in Lange's September 2019 treatment note: "Patient's back pain actually seems to be improved compared to having to deal with his right elbow pain. He still has to do a few unusual activities to try to be comfortable but that is what he is apparently able to accomplish and will continue." R. 638. Improvement doesn't necessarily equate to the ability to work. *See Murphy v. Colvin*, 759 F.3d 811, 819 (7th Cir. 2014). But in this case, Lange

observed that Sithy had improved to the point that he was able to make his own accommodations to be comfortable. That qualifies as substantial evidence supporting the ALJ's conclusion that Sithy didn't need unscheduled breaks and wouldn't be absent three days a month as a result of back pain. *Winkelman v. Saul*, 835 F. App'x 889, 891 (7th Cir. 2021) (claimant's own statement about what he could do qualified as substantial evidence supporting overhead reaching restriction).

Sithy challenges the ALJ's reliance on the September 2019 treatment note on two grounds, but neither is persuasive. First, he says that the ALJ should have gotten an updated opinion because the September 2019 treatment note came more than a year after Lange's opinion. But the note speaks for itself, and Sithy identifies no ambiguity in the note that would require clarification from Lange. *See Thomas v. Colvin*, 745 F.3d 802, 807 08 (7th Cir. 2014) ("[T]he completeness of an administrative record is generally committed to the ALJ's discretion."). In any event, Sithy was represented by counsel at the administrative level, R. 61, and "an ALJ may assume that a counseled claimant is making his strongest case for benefits." *See Primm v. Saul*, 789 F. App'x 539, 544 (7th Cir. 2019). If counsel believed that an updated opinion from Lange would be helpful, he was free to provide one.

Second, Sithy says that the ALJ failed to consider the evidence that supports Lange's opinion, as he was required to do under 20 C.F.R. § 404.1520c. But the only evidence Sithy cites is an MRI showing a herniation and severe central spinal stenosis at L4-5 and facet hypertrophy at L5-S1. R. 455. Sithy doesn't explain how the MRI helps him. After all, the MRI is from September 2017, and it was the basis for Lange's 2018 opinion. But Lange observed improvement in 2019, and Sithy doesn't explain how an MRI from 2017 would undermine that observation.

The ALJ's consideration of Lange's opinion is not a model of thoroughness and clarity, but it is adequate under substantial evidence review.

## B. Disability onset date

Sithy alleged disability beginning April 2017, but the ALJ found that Sithy wasn't disabled until March 2019. The ALJ didn't clearly explain what made the difference in 2019, but the decisive evidence appears to be a March 2019 examination in which Sithy "appeared uncomfortable and could not fully extend his right elbow." R. 24 (citing R. 512–13). And the RFC for March 2019 and later includes new restrictions for handling and reaching using the right arm and hand. Specifically, the RFC before March 8 states that Sithy can "operate hand controls frequently bilaterally," "frequently reach bilaterally," and "frequently handle, finger, and feel bilaterally." R. 18 The RFC beginning on March 8 states that Sithy can "operate hand controls frequently with the left hand and occasionally with the right hand," "frequently reach with the left upper extremity and occasionally with the right upper extremity," and "frequently handle, finger, and feel with the left hand and occasionally with the right hand." R. 23–24.

Sithy contends that the March 2019 onset date isn't supported by substantial evidence. He says that the ALJ ignored evidence supporting his elbow problems before March 2019 and failed to identify any differences between the evidence before and after that date. Sithy cites the following evidence from before March 2019:

- a December 2017 function report in which Sithy said that he has a pinched nerve in his right elbow, R. 373;

- a May 2018 note from Lange summarizing Sithy's complaints about his elbow, including that it hurts, it "will pop in and out," and "he cannot put any pressure on it," R. 519;

- Lange's observations from May 2018 that Sithy "appears to be uncomfortable," "[t]he tip of the elbow is tender to palpation," "[h]e has significant flexion

5

contracture" (a bent joint that can't be straightened), and he "has chronic changes to the right elbow," *id.*;

- Lange's May 2018 decision to refer Sithy to an orthopedist, *id.*

- a November 2018 note from Lange that Sithy's elbow pain "is becoming disabling" and is "preventing him from being able to sleep well at night," R. 517;

- a December 2018 note from a sports medicine specialist that Sithy is prescribed diclofenac for elbow pain, his flexion and extension were limited, x-rays showed "moderate to severe degenerative joint disease of the elbow with multiple loose bodies present," and he has osteoarthritis in his right elbow, R. 509.

The ALJ noted some of this evidence, but she didn't explain how any of it supported her findings regarding Sithy's handling and reaching abilities before March 2019. The ALJ jumped from medical evidence to specific limitations without explanation offering conclusory statements like this: "Considering the claimant's right elbow pain at this time [November 27, 2018], the undersigned finds that with the right upper extremity the claimant could operate hand controls frequently." R. 21 (citing R. 516–17). The ALJ didn't explain why the evidence from before March 2019 was any less compelling than the evidence from March 2019 and later. An ALJ must provide enough reasoning to allow meaningful review of his findings and conclusions. *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014). The ALJ failed to do that in this case, so remand is required.

The commissioner cites a sentence in the ALJ's decision noting that Sithy chose to continue with medication in December 2018 rather than scheduling additional surgery or physical therapy for his elbow. R. 23. The ALJ didn't say that he was interpreting Sithy's actions as evidence that his elbow pain wasn't disabling in 2018, and he didn't tie the observation directly to the RFC. But even if the court assumes that the ALJ relied on Sithy's failure to choose more aggressive treatment, it is well established than an ALJ may not rely on a claimant's failure to seek treatment without first considering the reasons why. *Ray v. Berryhill*,

6

915 F.3d 486, 490–91 (7th Cir. 2019); *Stage v. Colvin*, 812 F.3d 1121, 1125 (7th Cir. 2016). The ALJ says nothing about Sithy's reasons in his decision.[2]

The commissioner also says that Sithy's challenge to the ALJ's chosen disability onset date fails because Sithy doesn't identify an alternative date supported by the evidence. But the commissioner cites no authority that Sithy is required to do that on appeal. Sithy has shown that the onset date chosen by the ALJ isn't supported by substantial evidence, which is what he was required to do. It will be up to the ALJ on remand to either identify substantial evidence that supports the March 8, 2019 disability onset date or determine what the appropriate date is.

ORDER

IT IS ORDERED that the decision of defendant Andrew Saul, Commissioner of the Social Security Administration, denying Somboun Sithy's application for disability insurance benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion.

Entered May 18, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

[2] In his reply brief, Sithy cites passages from the hearing transcript in which the ALJ asked Sithy about his failure to follow recommendations for physical therapy after he eventually had elbow surgery in 2019. R. 70. Sithy said that he wasn't able to attend physical therapy because he didn't have income or transportation. *Id.* This exchange doesn't appear to relate to the November 2018 note. But the ALJ didn't make a credibility determination about Sithy's explanation or otherwise comment on it.